THREADGILL, Acting Chief Judge.
Naomi Griffin, former wife, appeals an order that denies her motion for contempt for failure to pay alimony. We reverse.
Pursuant to chapter 88, Florida Statutes, the former wife registered in Florida an Iowa judgment for alimony arrearages and a dissolution decree ordering the husband to pay alimony. The wife then filed a motion for contempt for failure to pay alimony. The trial court found that the judgment for ar-rearages was not a support order as defined by chapter 88, Florida Statutes, and therefore was not entitled to enforcement by contempt. The trial court denied the motion as to nonpayment of the alimony that accrued prior to registration of the foreign orders. The majority of this amount is reflected in the judgment for arrearages. The trial court reserved ruling on those amounts which accrued after registration.
The supreme court’s ruling in Gibson v. Bennett, 561 So.2d 565 (Fla.1990), is disposi-tive. In Gibson, the court answered the following certified question in the affirmative: “Do the circuit courts of this state have jurisdiction to enforce a foreign judgment for arrearages of alimony or child support by means of equitable remedies including contempt?” The court relied on section 61.17(3), Florida Statutes which provides:
*268 The entry of a judgment for arrearages for child support, alimony, or attorney’s fees and costs does not preclude a subsequent contempt proceeding or certification of a IV-D case for intercept, by the United States Internal Revenue Service, for failure of an obligor to pay the child support, alimony, attorney’s fees, or costs for which the judgment was entered.
The judgment in this case was registered under section 88.371, Florida Statutes (1993), which provides that “[u]pon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state.” According to Gibson, establishing a support decree as a money judgment does not destroy the decree as an order to pay support. 561 So.2d at 569.
The facts in Gibson are almost identical to the facts here. The husband had been ordered by a Virginia court to pay support. Arrearages were later reduced to a final judgment. The foreign judgment was filed in a Florida circuit court, and the wife sought to enforce the judgment through the court’s equitable powers. Gibson is therefore controlling and that portion of the trial court’s order which holds that contempt is not an available remedy is reversed and remanded for further proceedings.
Reversed and remanded.
BLUE and QUINCE, JJ., concur.